**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:25-cv-00442-MR**

| | | |
|---|---|---|
| DOYLE EDGAR WOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| JOHN DOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the Amended
Complaint [Doc. 14]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

## I.    BACKGROUND

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while
he was a pretrial detainee at the Buncombe County Detention Facility
("BCDF").[1] [Doc. 1]. The Complaint was dismissed on initial review and the
Plaintiff was granted the opportunity to amend. [Doc. 11]. The Amended
Complaint is now before the Court for initial review. [Doc. 14].

The Plaintiff names as Defendants in their official capacities: John Doe,
FNU Stelle and FNU Stelle, BCDF correctional officers; and FNU

---

[1] The Plaintiff is presently an inmate of the State of North Carolina at the Harnett
Correctional Institution.

Kuykendall, a BCDF lieutenant.  [Id. at 2-4].  He asserts a claim for "14th Amendment Right to Protection and Safety...."  [Id. at 4].

The Plaintiff alleges that, on June 10, 2024, he was assaulted by an unknown assailant whom Officer John Doe identified as another inmate.  [Id. at 5-6].  The Plaintiff inquired about the incident, and the Defendants told him that the inmate in question had previously attacked other inmates for no reason, that the inmate should not have been out with other inmates, and that they did not know why he was out on June 10.  [Id. at 5].  Detective Coxe told the Plaintiff that he had taken out warrants on the inmate, but he would not provide Plaintiff with the inmate's name or details regarding the warrants.

For injury, the Plaintiff claims as follows:

> I got 9 stitches and a concussion.  And was carried to Memorial Mission, where I got the 9 stitches.  Also was diagnosed at BCDF. Doctor Goins with virtagoe, PTSD, and Borderline Skitzifenic.  Due is injury, I was and I still am on medizine, for virtagoe, and hydroxyzine for PTSD.  And also rim-from for sleep and nightmares from injury.

[Id. at 7] (errors uncorrected).  The Plaintiff seeks damages and for "whoever done this to [him] . . . to be brought to justice for this."[2]  [Id.] (errors uncorrected).

---

[2] To the extent that the Plaintiff seeks a criminal prosecution, such is not available in this § 1983 action. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("in American jurisprudence …, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

2

## II.   STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort."  Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (quoting Monell, 436 U.S. at 691).  That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation."  Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law."  Id. (quoting Monell, 436 U.S. 658, 694).

4

In his Amended Complaint, the Plaintiff sues the Defendants only in their official capacities; however, he fails to allege that any official policy was the moving force behind, or otherwise played a part in, any constitutional violation. He has, therefore, failed to state a claim against any Defendant.

Even if the Defendant had also asserted his claims against the Defendants in their individual capacities, those claims would fail initial review. As was explained to the Plaintiff in the Order on initial review of the Complaint, a pretrial detainee's Fourteenth Amendment deliberate indifference claim is evaluated for objective reasonableness. [Doc. 11 at 3-4]. It is insufficient for a plaintiff to allege that a defendant negligently or accidentally failed to do right by a detainee. [Id.]. Here, the Plaintiff alleges only that an inmate who had previously assaulted other inmates was out at the same time as Plaintiff for an unknown reason, and that he assaulted the Plaintiff. The Plaintiff has failed to plausibly allege that the Defendants acted in an objectively unreasonable manner, that the incident was attributable to any action or inaction by the Defendants, or that the assault was due to anything more than negligence or an accident. Therefore, even if he had named the Defendants in their individual capacities, the Amended Complaint would fail initial review.

5

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his Complaint once and has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

In sum, the Amended Complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 14] fails initial review, and this action is hereby **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to enter a Clerk's Judgment and close this case.

**IT IS SO ORDERED**.

Signed: July 3, 2026

Martin Reidinger
Chief United States District Judge

6